IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF MEMPHIS TENNESSEE WESTERN
DIVISION

**Christopher Guy,**

    **Plaintiff**,

vs

**City of Memphis, on behalf of the Memphis Police Department, Memphis Police Officers and Employees in their Official Capacity Unnamed, Floyd Bonner Jr., in his Official Capacity as Shelby County Sherriff, Shelby County Sherriff's Department, Anthony Alexander in his Official Capacity as Director of the Shelby County Correctional Center, and Shelby County Tennessee**

    **Defendants.**

                                      **JURY TRIAL DEMANDED**

## COMPLAINT

Comes now Plaintiff, Christopher Guy, and for this cause of action would show the following:

### INTRODUCTION

1. This action is brought pursuant to the laws in the State of Tennessee and under the United States Constitution.

2. This action is brought pursuant to 42 U.S.C. §1983, §1985(2) (3), and all applicable state and federal laws which are consistent with the facts as alleged in this Complaint with federal question jurisdiction existing per 28 U.S.C. § 1331.

3. This action alleges: Violation of the 14th Amendment; Negligence; False Arrest; False Imprisonment; Malicious Prosecution; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress and any and all causes of action consistent with the facts of the case.

## PARTIES

4. Plaintiff, Christopher Guy, is and at all times pertinent herein, has been, a resident citizen of Memphis, Shelby County, Tennessee.

5. Defendant, City of Memphis is responsible for the administration and governance of the Memphis Police Department, which is located in Shelby County, Tennessee. It is also responsible for the conduct of its employees which include Memphis Police Officers in their official capacity.

6. Defendant Floyd Bonner, Jr. is the Sherriff for Shelby County, and is responsible for overseeing the detention of inmates in the Shelby County Jail located at 201 Poplar, Memphis, TN.

7. Defendant Shelby County Sherriff's Department is responsible for the detention of inmates in Shelby County Jail located at 201 Poplar, Memphis, TN, as well as for the transporting and housing of inmates throughout the state of Tennessee.

8. Anthony Alexander is the director of the Shelby County Correctional Center located at 1045 Mullins Station Road in Memphis, TN. He is responsible for the housing, detention, and releasing of inmates at that facility.

9. All individually named individuals are being sued in their official capacity.

10. Venue is proper in this federal judicial district pursuant to 28 USC§ 1391.

## FACTS

11. Plaintiff, on November 14, 2014, was placed on Probation for 3 years for two Misdemeanor Domestic Assault convictions. Please see attached Judgment Sheets Exhibit 3 and Probation Order from November 14, 2014 Exhibit 1.

12. Each sentence carried a maximum of 11 months and 29 days, and were being served consecutively. See attached Judgment Orders Exhibit 3.

13. Under a state statute, Probation for one sentence was allowed to be for up to 2 years.

14. Plaintiff was sentenced to 2 separate Probations, one for 1 year, consecutive to one for 2 years. See Exhibit 3.

15. Plaintiff was to receive any pre-trial incarceration as credit towards the Probation to reduce it, but did not receive it as required by law. See Exhibit 3.

16. Then, on June 7, 2016, a petition was filed to revoke Plaintiff's Probation. See attached Exhibit 4.

17. When it was filed, Plaintiff had already completed 1 of the two Probations that he was on, as the Petition was filed over one year later. See Exhibit 3.

18. Then, on July 12, 2017, Plaintiff was placed back on Probation, being required to finish his remaining Probation, plus an additional 3 years based on a new arrest and conviction in which Plaintiff was given 3 years and allowed to serve it on Probation. See attached Exhibit 2, Probation Order.

19. As of July 12, 2017, Plaintiff's remaining Probation was less than 5 years, but it was entered as 6 years. See Exhibit 2.

20. Then, on October 19, 2022, a Petition was entered seeking revoke Plaintiff's Probation. See Violation of Probation Affidavit, Exhibit 5.

21. Plaintiff was arrested and detained on November 8, 2022. See Exhibit 6, Case Summaries of the 3 convictions.

22. Plaintiff was arrested with No Bond Set, and was held in custody due to the Petition. Please see attached Exhibit 5.

23. The Petition was filed after 5 years from Plaintiff's Probation being granted to him, and so the Petition was untimely, making the arrest of Plaintiff unlawful.

24. The Petition was based on a new arrest of Plaintiff.

25. The new arrest of Plaintiff was dismissed on January 6, 2023.

26. The new arrest had a bond of $20,000, but Plaintiff was unable to be released on the bond due to the Petition for Revocation having an Order on it that Plaintiff would receive no bond upon being arrested on the Petition.  See Exhibit 5

27. Ultimately a hearing was conducted and Plaintiff informed the trial court that he could not be legally held, as he had already completed Probation prior to the violation being entered.

28. In addition, the violation was based on Plaintiff allegedly having a gun which he disputed, and Defendant City failed to preserve the video which verified whether or not a gun did or did not exist.

29. Therefore, Plaintiff was denied his constitutional right to rely on key and material evidence that he was entitled to.

30. Plaintiff, from November 8, 2022 until January 19, 2023, was housed at the Shelby County Jail located at 201 Poplar.

31. From January 20, 2023 until current, Plaintiff is housed at the Shelby County Correctional Center at 1045 Mullins Station Rd in Memphis, TN, as part of TDOC (Tennessee Department of Corrections).

32. On January 19, 2023, Plaintiff was found to have violated Probation and sentenced to 6 years.  See attached Exhibit 7.

33. The Trial Court stated that Plaintiff was in violation, and that the sentence was for 6 years, but clarified that if Plaintiff actually had any time to serve, it was the

responsibility of TDOC to calculate and correct the information.

34. Plaintiff has never been released to this day from incarceration, even though all Defendants are aware that Plaintiff completed his Probation prior to being arrested on November 8, 2022 and is therefore being detained illegally.

35. An incarcerated inmate has a liberty interest in being released at the end of his term of imprisonment.

36. Allegations that a prison delayed the release of an inmate are constitutional in nature and are properly brought under 42 U.S.C. § 1983.

37. When a sentence has expired, the State loses its power to detain an inmate.

38. When an inmate in continued to be detained in this instance, it violates the 14th Amendment of the United States Constitution.

39. Inmate's Due Process rights are violated when they are not released timely.

40. Plaintiff alleged that pursuant to T.C.A. 29-20-20 (a) municipalities and governmental entities are generally immune from suit.

41. Plaintiff alleges however that based upon the conduct of the governmental employees and pursuant to T.C.A. 29-20-205 (1) (2), the Tennessee Governmental Tort Liability Act immunity is removed from Defendants.

42. Plaintiff alleges that Defendant City, failed to provide adequate training or supervision for the police officers and that his failure to train and supervise its officers has become a custom, pattern and practice that has resulted in a failure to properly preserve evidence.

43. Defendant City has assisted in the prosecution of Plaintiff, and has refused to discipline its officers or staff, due to the fact that the highly material evidence was destroyed.

44. Defendant City in fact has no policy in place to protect the destruction of video evidence, even though it is a known problem that its officers routinely delete and destroy material video evidence, and then forces the arrested parties and the courts to rely on their word, and their versions of events.

45. Defendants City does not properly discipline officers who engage in illegal conduct, or who destroy video evidence.

46. Defendant City does not sufficiently track any and all instances of how often this occurs, in an attempt to make it appear that it is not a very serious problem.

47. Defendant City has negligently trained its officers.

48. Plaintiff was not able to use the video evidence to show that he was being illegally and maliciously prosecuted, nor was he able to use the video evidence at his Probation Revocation Hearing so that it could assist him from being found to have violated probation.

49. Defendant City and its employees never produced any physical evidence against Plaintiff even though it represented that it had a recovered gun and shell casings in its reports, and failed to produce the video that would contradict their reports and testimony.

50. Defendants Shelby County, Shelby County Sherriff's Department, Floyd Bonner Jr., and Anthony Alexander, were all made aware and given extensive documentation that Plaintiff is being detained illegally.

51. Plaintiff was informed that based on the way its system is set up, Plaintiff will not get released on time even if he has all of the evidence and paperwork because they have already entered into the system that his scheduled release date is May 25, 2025.

52. Plaintiff was falsely and illegally arrested on November 8, 2022 when he was

under the false premise that he was being detained for a violation of probation.

53. Plaintiff's arrest and detention to this date remains illegal.

54. Defendants all have the information, knowledge, and resources to remedy this matter and is refusing to do so, knowing that Plaintiff is being held illegally.

55. Defendants have all worked hand in hand, with one another, and have made this continued illegal detention possible.

56. Plaintiff has been unable to provide for his family, pay his bills, and has lost his home and financial stability due to this illegal detention.

57. Plaintiff has incurred legal expenses, and has suffered through significant stress due to being held against his will, and having his liberty taken from him when the evidence is clear that he is being detained illegally.

58. The conduct by Defendants is grossly negligent, and has no justification for it.

WHEREFORE, Plaintiffs respectfully prays that this Court enter a judgment against the defendants as follows:

   A. Issue a declaratory judgment finding that the practices herein alleged are unlawful.

   B. Award Plaintiffs $1,000,000 in compensatory damages.
   C. Award Plaintiffs $1,000,000 in punitive damages.

   D. Grant Plaintiffs such further relief, as this Court deems proper.

Respectfully Submitted By:

s/ *Terrell Tooten*
Terrell Tooten, BPR No. 028506
Attorney for Plaintiff
5744 Rayben Circle,
Memphis, TN,38115
901-609-3622 Telephone
x99tooten@gmail.com