# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

CHRISTOPHER GUY,

    Plaintiff,

v.                                                Case No. 2:23-cv-2234-MSN-atc
                                                     JURY DEMAND

CITY OF MEMPHIS,
FLOYD BONNER, JR., in his official capacity
as Shelby County Sheriff,
SHELBY COUNTY SHERIFF'S DEPARTMENT,
ANTHONY ALEXANDER, in his official capacity
as Director of the Shelby County Correctional Center, and
SHELBY COUNTY, TENNESSEE,

    Defendants.

---

## ORDER GRANTING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS

---

Before the Court is the Motion of Defendants Floyd Bonner, Jr., in his official capacity as Shelby County Sheriff, Shelby County Sheriff's Office, Anthony Alexander in his official capacity as Director of the Division of Corrections, and Shelby County, Tennessee's (collectively, the "Shelby County Defendants") for Judgment on the Pleadings (ECF No. 32, "Motion"). Plaintiff has responded in opposition (ECF No. 35, "Response"), and the Shelby County Defendants filed a reply in support (ECF No. 36, "Reply").

## BACKGROUND

This matter arises out of a dispute about the revocation of Plaintiff's ("Guy") probation and his current confinement pursuant to the sentence imposed upon that revocation. Guy's Complaint was "brought pursuant to 42 U.S.C. § 1983, § 1985(2) (3), and all applicable state and

federal laws which are consistent with the facts as alleged in [the] Complaint with federal question jurisdiction existing per 28 U.S.C. § 1331." (ECF No. 1 at PageID 1.) He broadly alleges "Violation of the 14th Amendment; Negligence; False Arrest; False Imprisonment; Malicious Prosecution; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress and any and all causes of action consistent with the facts of the case." (*Id.*)

As set forth in the Complaint, on November 14, 2014, Guy was placed on probation for a total of three years for two misdemeanor domestic assault convictions. (*Id.* at PageID 2–3.) On June 7, 2016, a petition was filed to revoke Guy's probation. (*Id.* at PageID 3.) On July 12, 2017, Guy was placed back on probation and was given an additional three years of probation for a new conviction. (*Id.*) Guy alleges an error in calculating his probation was made at this point. According to Guy, his remaining probationary sentence on July 12, 2017, was less than five years, but it was entered as six years in error. (*Id.*) Then, on October 19, 2022, a petition was entered seeking to revoke Guy's probation based on Guy being arrested for a new offense; Guy was arrested and detained on November 8, 2022. (*Id.*) Guy alleges that the October 2022 revocation petition was untimely and his arrest unlawful because the petition was filed more than five years after Guy was granted probation. (*Id.* at PageID 3–4.)

Guy says he was held at the Shelby County Jail located at 201 Poplar from November 8, 2022, to January 19, 2023, and beginning January 20, 2023, he was housed at the Shelby County Correctional Center at 1045 Mullins Station Road "as part of TDOC (Tennessee Department of Corrections)." (*Id.* at PageID 4.) According to Guy, the trial court revoked his probation and sentenced him to six years, but it also said that if Guy "actually had any time to serve, it was the responsibility of TDOC to calculate and correct the information." (*Id.* at PageID 4–5.)

2

Guy asserts that the Shelby County Defendants "were all made aware and given extensive documentation that Plaintiff is being detained illegally." (*Id.* at PageID 6.) Guy alleges that he continues to be held illegally, and that "Defendants" have the information and resources to remedy the matter but are refusing to do so. (*Id.* at PageID 7.) Guy seeks a declaratory judgment that the "practices" alleged in his Complaint are unlawful, compensatory damages of $1,000,000, and punitive damages of $1,000,000. (*Id.*)

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *See Gavitt v. Born*, 835 F.3d 623, 639 (6th Cir. 2016); *Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 694 (N.D. Ohio 2003).

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Cook v. Ohio Nat'l Life Ins. Co.*, 961 F.3d 850, 855 (6th Cir. 2020) (quoting *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012)). Using this framework, the court determines whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint need not contain detailed factual

3

allegations; however, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). If a court decides in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. *Iqbal*, 556 U.S. at 679. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 556.

## **DISCUSSION**

**A.**     **Guy's § 1983 and § 1985 Claims**

The Shelby County Defendants assert that they are entitled to judgment on the pleadings for numerous reasons, including that Guy's § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 32-1 at PageID 164–66.) Guy responds, in relevant part, that his claims are not barred by *Heck* because the Tennessee Court of Criminal Appeals ("TCCA") invalidated part of his sentence, and even if the TCCA had not invalidated part of his sentence, that the Shelby County Defendants are nonetheless liable because they have "refused to properly calculate Plaintiff's jail credit and release him." (ECF No. 35 at PageID 184.)

Under *Heck*, a state prisoner may bring a § 1983 action for monetary damages based on his "allegedly unconstitutional conviction or imprisonment" only if he can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. But *Heck* is merely one in a series of cases in which the Supreme Court "addressed the relationship between § 1983 and the federal

4

habeas statutes." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Those "cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82. Put differently, "prisoners can proceed under § 1983 if (1) they do not seek an injunction ordering immediate or speedier release into the community, and (2) a favorable judgment would not necessarily imply the invalidity of their convictions or sentences." *Kitchen v. Whitmer*, __ F.4th__, No. 22-2160, 2024 WL 3218983, at *8 (6th Cir. June 28, 2024) (quoting *Skinner v. Switzer*, 562 U.S. 521, 533–34 (2011)) (cleaned up); *Heck*, 544 U.S. at 486 ("Thus, when a state prisoner seeks damages or declaratory relief in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). Finally, *Heck* also applies to claims under § 1985. *See Lanier v. Bryant*, 332 F.3d 999, 1005–06 (6th Cir. 2003) (*Heck* barred plaintiff's § 1983 and § 1985 claims); *Norwood v. Michigan Dep't of Corrs.*, 67 F. App'x 286, 287 (6th Cir. 2003) (*Heck* barred § 1983 claim that alleged defendants conspired to revoke the plaintiff's parole); *Holland v. Cnty. of Macomb*, No. 16-2103, 2017 WL 3391653, at *2 (6th Cir. Mar. 17, 2017) (due process, conspiracy, and malicious prosecution claims were not cognizable under *Heck*); *Allen v. Clark*, No. 1:13CV326, 2014 WL 3016075, at *7 (S.D. Ohio July 3, 2014) (§ 1983 claim that defendants unconstitutionally conspired to convict plaintiff of crimes he did not commit was not cognizable under *Heck*).

So, has Guy's "conviction or sentence . . . been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"? According to Guy, yes; he asserts that the TCCA "invalidated part of" his sentence on direct appeal. (*See* ECF No. 35 at PageID 184.)

The TCCA opinion contains more details about his state cases than Guy's Complaint, and those details provide context for the TCCA's analysis of the probation issue. The TCCA summarized the relevant factual and procedural history as follows:

> On November 14, 2014, the Defendant pleaded guilty to two counts of misdemeanor domestic assault in cases 14-03046 and 14-03047. In case 14-03046, the Defendant received a sentence of eleven months and twenty-nine days suspended to a probationary period of two years. *See* Tenn. Code Ann. § 40-35-303(c)(2). The trial court awarded pretrial jail credits in case 14-03046 from July 23, 2013, to July 27, 2013, and from August 21, 2014, to November 14, 2014. In case 14-03047, the Defendant was sentenced to eleven months and twenty-nine days suspended to probation, to be served consecutively to his two-year probationary sentence in case 14-03046. The trial court awarded the Defendant one day of pretrial jail credit, April 28, 2013, for case 14-03047.
>
> On May 10, 2017, the Defendant pleaded guilty to felony vandalism in case 16-01978. At the guilty plea hearing, the Defendant agreed that he had violated his probation in cases 14-03046 and 14-03047. The trial court accepted the State's recommendation for a three-year sentence on the felony vandalism charge but withheld judgment on that case and the revocation proceedings so that the parties could be heard as to whether the Defendant should be granted probation.
>
> A probation hearing ensued on July 12, 2017. At the conclusion of the hearing, the trial court ordered the Defendant to serve three years on the felony vandalism charge, suspended to probation, and awarded the Defendant pretrial jail credits from March 10, 2015, to March 12, 2015, and from February 28, 2017, to May 10, 2017. The trial court also reinstated probation in cases 14-03046 and 14-03047. The judgment document for the felony vandalism charge reflects that the Defendant was sentenced to three years suspended to a six-year probationary term. The judgment document is silent as to whether the sentence was to be served concurrently or consecutively to cases 14-03046 and 14-03047. However, the transcript of the hearing indicates that the trial court sentenced the Defendant to serve a three-year probationary sentence in case 16-01978 consecutively to the probationary terms in cases 14-03046 and 14-03047.

6

> On October 19, 2022, a probation revocation warrant pertaining to all three cases was issued alleging that the Defendant was involved in an incident in which the Defendant was shot twice and the Defendant, being a convicted felon, unlawfully possessed a gun.
>
> . . .
>
> Defense counsel then argued that the Defendant's October 19, 2022 revocation warrant was untimely filed and that the trial court should dismiss the revocation. Defense counsel argued that the Defendant was serving an effective six-year probationary sentence because the three-year probationary sentence for the felony vandalism conviction was to be served consecutively to the effective three-year sentence for the misdemeanor domestic assault convictions. Defense counsel argued that by the time the October 19, 2022 probation revocation warrant was filed, the Defendant had completed his effective six years' probation. As part of his contention on this point, the Defendant argued that one of his misdemeanor probations had expired before the 2017 revocation proceedings. Ultimately, the trial court rejected the Defendant's jurisdictional argument. While the trial court speculated that the argument might have been viable had it been raised in 2017, the trial court found that the argument was not raised in 2017, that "decisions were made[,]" and that the Defendant "was reprobated" at that time.
>
> . . .
>
> At the conclusion of the proof, counsel for the Defendant again argued that the Defendant had completed his probationary period prior to the issuance of the revocation warrant. Counsel repeatedly asked the trial court for a ruling as to whether this had occurred. The trial court denied these requests, saying only that the Defendant "was on probation" and that it was "not [the trial court's] job" to make such a determination. The trial court stated that this responsibility belonged to the Tennessee Department of Correction following revocation.
>
> . . .
>
> The trial court revoked the Defendant's probation and ordered him to serve all sentences in confinement.

*State v. Guy*, 683 S.W.3d 763, 766–60 (Tenn. Crim. App. 2023).

The TCCA then discussed the relevant law and concluded that the trial court lacked jurisdiction to revoke Guy's probation in both case 14-03046 and case 14-03047. *Guy*, 683 S.W. 3d at 770–72. The TCCA found, however, that the trial court had jurisdiction to revoke Guy's

7

probation in case 16-01978 and affirmed the revocation in that case. *Id.* at 772–73, 775. The TCCA vacated the trial court's probation revocation order and remanded to the trial court with directions for it to enter "an amended order that does not list cases 14-03046 and 14-03047." *Id.* at 775.

Although the TCCA held that the trial court lacked jurisdiction in case 14-03046 and case 14-03047, that isn't enough for Guy to avoid the application of *Heck* to his claims. That's because "the relevant issue is not whether *some* of the charges or infractions against him have been invalidated; rather, it is whether his challenge would necessarily imply the invalidity of at least one criminal conviction that has *not* been invalidated." *McLean v. City of New Haven*, No. 3:21-CV-552 (JAM), 2022 WL 1624049, at *3 (D. Conn. May 23, 2022) (citing *Warren v. Fischl*, 674 F. App'x 71, 72–73 (2d Cir. 2017)). The TCCA found that the trial court had jurisdiction in case 16-01978 and affirmed the revocation of Guy's probation in that case. A judgment in Guy's favor in this matter would imply the invalidity of the probation revocation and sentence for case 16-01978, which has not been reversed on direct appeal—or expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck* therefore bars Guy's § 1983 and § 1985 claims seeking damages for his alleged unconstitutional conviction and confinement.

Nevertheless, Guy argues that, regardless of his success on appeal, his claims related to his "jail credit" are still cognizable. (ECF No. 35 at PageID 186–84.) As an initial matter, it's not clear from the Complaint what Guy alleges the Shelby County Defendants did in relation to his "jail credit" or when those acts occurred. The Complaint makes only one allegation regarding "credit"—asserting in paragraph 15 that "Plaintiff was to receive any pre-trial incarceration as credit towards the Probation to reduce it, but did not receive it as required by law." (ECF No. 1 at

8

PageID 3.) But that single paragraph doesn't allege who failed to give him that credit. Also, that allegation appears to relate to Guy's argument that he had finished his probation by time the revocation petition was filed—an argument the TCCA addressed and rejected. *See Guy*, 683 S.W.3d at 770–73 (explaining that when Guy's probation was reinstated in 2017 in case 14-03046, his probationary period was <u>not</u> reduced by the amount of jail credit that he had accrued in the case to that point and his three-year sentence in case 16-01978 was not diminished by 73 days of pretrial jail credit awarded in the judgment in that case). Moreover, Guy's success on that argument would necessarily imply the invalidity of his confinement or its duration and is thus not cognizable under § 1983 or § 1985. Similarly, to the extent Guy seeks "immediate release from prison, or the shortening of his term of confinement," that claim is also not cognizable in a § 1983 action, and Guy must "seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson*, 544 U.S. at 78; *Kitchen*, 2024 WL 3218983, at *9–10 (explaining that "the Court has emphasized the need to ensure that state prisoners use only habeas corpus if they try to invalidate the duration of their confinement, either *directly* by requesting an early release or *indirectly* through a judicial holding that necessarily implies the unlawfulness of one's custody") (citing *Wilkinson*, 544 U.S. at 81) (cleaned up). Finally, many of Guy's allegations regarding "jail credit" involve the Tennessee Department of Correction or "TDOC," which is a state entity, and not a party in this matter. *See* Tenn. Code Ann. § 4-3-601 *et seq.*; *Hawkins v. Tennessee Dep't of Correction*, 127 S.W.3d 749, 754 (Tenn. Ct. App. 2002) (describing lawsuit against TDOC as "a lawsuit against a state entity"). For these reasons, Guy's claims related to "jail credit" are not cognizable under § 1983 or § 1985.

Therefore, the Shelby County Defendants' Motion is **GRANTED** as to Guy's § 1983 and § 1985 claims. Those claims are **DISMISSED WITH PREJUDICE**.

B.     **State Law Claims**

"When a federal court dismisses all pending federal claims before trial, it is usually best to allow the state courts to decide state issues. " *Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021); *Booker v. City of Beachwood*, 451 F. App'x 521, 523 (6th Cir. 2011) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)) ("When . . . all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims."). "[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). The Court has determined that the Shelby County Defendants are entitled to judgment on the pleadings for Guy's federal claims under § 1983 and § 1985. Without an independent basis for federal jurisdiction, the Court follows the "usual Sixth Circuit practice" and declines to exercise supplemental jurisdiction over Guy's remaining state law claims. *Crehan v. Davis*, 713 F. Supp. 2d 688, 701 (W.D. Mich. 2010) (citing *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)). Those claims are **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

For the reasons set forth above, the Motion of Defendants Floyd Bonner, Jr., in his official capacity as Shelby County Sheriff, Shelby County Sheriff's Office, Anthony Alexander in his official capacity as Director of the Division of Corrections, and Shelby County, Tennessee's for Judgment on the Pleadings (ECF No. 32) is **GRANTED** as to Plaintiff Christopher Guy's claims pursuant to 42 U.S.C. § 1983 and § 1985, and those claims are **DISMISSED WITH PREJUDICE**. Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 9th day of July, 2024.

                                          *s/ Mark S. Norris*
                                        MARK S. NORRIS
                                        UNITED STATES DISTRICT JUDGE